# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VALERIE L. REUBEN,** | ) CIVIL ACTION NO. 12-1548 |
| Plaintiff, | ) |
| v. | ) |
| **SHADYSIDE HOSPITAL, DR. STULL, MAGEE WOMAN'S HOSPITAL** and **ALL UPMC FACILITIES,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On March 25, 2013, pro se plaintiff Valerie L. Reuben ("plaintiff") filed an amended complaint. (ECF No. 9.) In the amended complaint, plaintiff alleges:

> I <u>Valerie L. Reuben</u>, am asking For an amendment to the case 12-1548 on the strength that Magee Hospital in Oakland [sic] has Failed to treat me or Assist me In the delivery of my unborn child[.] I was in there [sic] emergency Room on 03/07/13 with a B/P Reading of 196/102. I was told after they took my pressure [sic] to Leave the hospital and Not to come back. I was Escorted out-ER By the Security Guard.

(<u>Id.</u>) The docket in this case indicates plaintiff is asserting claims in the amended complaint under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), and the Civil Rights Act, 21 U.S.C. § 1983. On May 14, 2013, defendants Shadyside Hospital, Dr. Stull, Magee Woman's Hospital, and all UPMC facilities (collectively "defendants") filed a motion to dismiss the amended complaint and a brief in support of the motion. (ECF Nos. 15, 16.) In the motion to dismiss, defendants argue, among other things, that plaintiff failed to state a claim upon which relief may be granted. Plaintiff did not directly respond to defendants' argument that

she failed to state any federal claim. Plaintiff merely requested the court help her to obtain medical assistance and to appoint someone to examine her.

Defendants' motion to dismiss is now ripe to be decided by the court.

### *Standard of Review*

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 556–57) (internal citation omitted). Two working principles underlie Twombly. Id. First, with respect to mere conclusory statements, a court need not accept

2

as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Id. (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

### *Discussion*

With respect to the ADA, in Wagner by Wagner, 49 F.3d 1002, 1009 (3d Cir. 1995), the court explained:

> In order to establish a violation of the Rehabilitation Act, a plaintiff must prove (1) that he is a "handicapped individual" under the Act, (2) that he is "otherwise qualified" for the position sought, (3) that he was excluded from the position sought "solely by reason of his handicap," and (4) that the program or activity in question receives federal financial assistance. Strathie v. Department of Transp., 716 F.2d 227 (3d Cir.1983); Nathanson v. Medical College of Pennsylvania, 926 F.2d 1368, 1380 (3d Cir.1991).

Wagner, 49 F.3d at 1009. Plaintiff's allegations in the amended complaint are not sufficient to establish any of these elements. Plaintiff, therefore, failed to set forth a claim for relief under the ADA.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Here, plaintiff did not allege that any defendant acted under the color of state law and deprived her of a right guaranteed by the Constitution or laws of the United States. Accordingly, plaintiff failed to set forth a claim for relief under § 1983.

To the extent plaintiff set forth a claim for professional negligence under Pennsylvania common law in the amended complaint based upon defendants' failure to provide her treatment and assistance, this court declines to exercise supplemental jurisdiction over the claim. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). If plaintiff has a viable claim for professional negligence under Pennsylvania common law against defendants, she may assert it in state court.

Based upon the foregoing discussion, defendant failed to state a federal claim for relief. Defendant's motion to dismiss the amended complaint will be granted without prejudice. The amended complaint will be dismissed. An appropriate order will be entered. Plaintiff may file a motion for leave to file a second amended complaint within thirty days of the entry of the order accompanying this opinion. Failure to do so will result in the dismissal of this case with prejudice.

Dated: January 3, 2014 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge